IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**KARLA Y. COLÓN CRUZ,**

Defendant.

Criminal No. 23-456 (ADC)

**REPORT AND RECOMMENDATION**
**ON RULE 11(c)(1)(B) CHANGE OF PLEA HEARING**

I.      **Procedural Background**

On December 13, 2023, Defendant Karla Y. Colón Cruz was charged by a Grand Jury in a one count indictment. Defendant agrees to plead guilty to Count One of the Indictment: theft, disposition, and receipt of stolen government money.

Count One of the Indictment charges that, from on or about May 12, 2021, through on or about May 25, 2021, in the District of Puerto Rico, the defendant, Karla Y. Colón Cruz, willfully and knowingly embezzled, stole, purloined, converted to her own use and the use of another, money, a thing of value, and property of the United States over the amount of $1,000, approximately $63,000 in EIPs, and without authority, sold, conveyed, and disposed of it and received, concealed, and retained the same with intent to convert it to her use and gain, knowing it to have been embezzled, stolen, purloined and converted, in violation of Title 18, United States Code §641.

On July 11, 2024, Defendant moved for a change of plea. Docket No. 23. The United States of America and Defendant entered into a Plea and Forfeiture Agreement. Docket No. 30. Pursuant to the plea agreement, Defendant agreed to plead guilty to Count One of the Indictment. On August 6, 2024, Defendant appeared before this Court for a change of plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. See United States v. Woodward, 387 F. 3d. 1329 (11th

Case 3:23-cr-00456-ADC-GLS    Document 33    Filed 08/13/24    Page 2 of 7

USA v. Colón-Cruz
Crim. No. 23-456 (ADC)
Report and Recommendation on Guilty Plea

Cir. 2004) (holding that a magistrate judge may, with the defendant's consent, conduct a Rule 11 change of plea hearing). Defendant was advised of the purpose of the hearing and placed under oath with instructions that her answers must be truthful because she could otherwise be charged with perjury.

## II.    Consent to Proceed Before a Magistrate Judge

Defendant was advised of her right to hold all proceedings, including this change of plea hearing, before a district court judge. An explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge was provided. Defendant was informed that, if she elects to proceed before a magistrate judge, the magistrate judge would conduct the hearing and prepare a report and recommendation, subject to the review and approval of the district judge.

Defendant was provided with a *Waiver of Right to Trial by Jury*, which she signed prior to the hearing. Docket No. 29. Defendant validated her signature and informed that her attorney had translated the document to Spanish and had explained the document before signing the same. The Court found that Defendant voluntarily consented to proceed before a magistrate judge and approved Defendant's consent.

## III.    Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v. Hernández Wilson, 186 F. 3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea'". United States v. Cotal-Crespo, 47 F. 3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U. S. 459, 467 (1969)). There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea.

### A.    Competence to Enter a Guilty Plea

The Court questioned Defendant about her age, education, history of any treatment for mental illness or addiction, use of any medication, drugs or alcohol, and her understanding of the purpose of the hearing, to ascertain her capacity to understand, answer and comprehend the change

Case 3:23-cr-00456-ADC-GLS   Document 33   Filed 08/13/24   Page 3 of 7

USA v. Colón-Cruz
Crim. No. 23-456 (ADC)
Report and Recommendation on Guilty Plea

of plea colloquy. The Court confirmed that Defendant received the Indictment and fully discussed the charges with her attorney, and that she was satisfied with the advice and representation she received. The Court further inquired whether Defendant's counsel or counsel for the Government had any reservations as to Defendant's competence to plead, receiving answers that Defendant was competent to enter a plea. After considering Defendant's responses, and observing her demeanor, the Court found that Defendant was competent to plead and fully aware of the purpose of the hearing.

      **B.**      **Plea Agreement**

Defendant was shown her plea agreement, including the stipulation of facts, and she identified her initials and signatures. Defendant confirmed that she had the opportunity to read and discuss the plea agreement and plea agreement supplement with her attorney, that her attorney translated both the plea agreement and the plea agreement supplement before she signed the documents, that the plea agreement represented the entirety of her understanding with the Government, that she understood the terms of the plea agreement and plea agreement supplement, and that no one had made any other or different promises or assurances to induce her to plead guilty. Counsel for the Government described the essential terms of the plea agreement, including stipulations pertaining to the Sentencing Guidelines and any sentencing recommendations. Counsel for the defense agreed with the Government's description of the terms and recommendations, and so did Defendant.

Defendant was then admonished, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), that the terms of the plea agreement are mere recommendations to the Court, and that the District Judge who will preside over the sentencing hearing can reject the recommendations without permitting her to withdraw her guilty plea. And that the District Judge could impose a sentence that is more severe than what Defendant might anticipate. Defendant expressed full understanding of the foregoing and confirmed that she was aware that, if the District Judge does not follow the recommendations in the plea agreement, she will not be allowed to withdraw her plea of guilty if she receives a sentence that is higher than expected.

      **C.**      **Voluntariness**

In considering the plea agreement, Defendant acknowledged that the plea agreement contains all the promises and agreements that she made with the Government and that no one made

Case 3:23-cr-00456-ADC-GLS   Document 33   Filed 08/13/24   Page 4 of 7

USA v. Colón-Cruz
Crim. No. 23-456 (ADC)
Report and Recommendation on Guilty Plea

any other or different promise or assurance of any kind in exchange for her guilty plea, other than the recommendations set forth in the plea agreement. Defendant indicated that she was not being induced to plead guilty, that she was entering such plea freely and voluntarily because in fact she is guilty, and that no one has threatened her or offered a thing of value in exchange for her plea. Defendant understood that the offenses to which she is pleading guilty are felonies and that, if the plea is accepted, she will be adjudged guilty of the offenses, and that such adjudication may deprive her of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

Throughout the hearing, Defendant was free to consult with her attorney or to seek clarification from the Court. She confirmed that her agreement to plead guilty was made knowingly and voluntarily.

### D.    Maximum Penalties

Defendant expressed her understanding of the statutory maximum penalties for the offense to which she was pleading guilty. The maximum statutory penalties for Count One of the Indictment are a term of imprisonment of not more than ten (10) years, a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), and a term of supervised release of not more than three (3) years. In addition, a Special Monetary Assessment of one hundred dollars ($100.00) per count of conviction would be imposed, to be deposited to the Criminal Victims Fund pursuant to Title 18, United States Code, Section 3013(a). Defendant indicated that she understood the maximum penalties for Count One of the Indictment, that the offense charged is a felony, and the potential consequences of the guilty plea, such as the deprivation of certain valuable rights.

The Court then explained the nature of supervised release and the consequences of violating the conditions of supervised release. Specifically, Defendant was informed that, if supervised release is revoked, she may be required to serve an additional term of imprisonment up to the full term of supervised release originally imposed by the Court. And that, if she is currently on supervised release in a different case, her plea of guilty, if accepted, could result in negative consequences, such as the revocation of her supervised release in that other case. Defendant was also informed that any sentence imposed in this case could be imposed to run concurrently or consecutively to any sentence she may be currently serving in another case.

USA v. Colón-Cruz
Crim. No. 23-456 (ADC)
Report and Recommendation on Guilty Plea

The Court further advised Defendant that in certain cases the Court may also order, or be required to order, that she pay restitution to any victim of the offense, and the Court may also require her to forfeit certain property to the Government, as agreed in her plea agreement. Specifically, the Court advised Defendant that her plea agreement requires her to waive and forgo any interests or claims over $24,400.66 in an account in Banco Popular de Puerto Rico. Defendant acknowledged such an obligation and informed that she agreed with the same.

E.   **Sentencing Procedure**

Defendant was informed that, in determining her sentence, the District Judge is required to consider, but not necessarily follow, the Sentencing Guidelines. Defendant confirmed that she discussed with her attorney how the Sentencing Guidelines might apply to this case. Defendant was specifically informed that the Court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate in the plea agreement or provided by her attorney, and that the Court had the authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines. Defendant was advised, and informed to have understood, that the Sentencing Guidelines are considered advisory, and that during sentencing the District Court will consider the sentencing criteria found at Title 18, United States Code, Section 3553(a), which include the seriousness of the offenses, the need for deterrence of criminal conduct, the need to protect the public from further crimes, the need to provide Defendant with educational or vocational training, or medical care, and the need to provide restitution to any victims.

Defendant was advised that parole has been abolished and that, if she is sentenced to prison, she will not be released on parole. Further, Defendant was advised of her right to appeal and that, under some circumstances, she or the Government may have the right to appeal the sentence imposed by the Court. But that, pursuant to her plea agreement, she is waiving her right to appeal both the judgment and sentence imposed by the Court, if the Court accepts her plea agreement and sentences her to three years of probation. Defendant informed that she understood her right to appeal and that she voluntarily agreed to this waiver.

F.   **Waiver of Constitutional Rights**

Defendant was specifically advised that she has the right to persist in a plea of not guilty and that, if she does, she has the right to a speedy trial by jury, or trial before a judge sitting without

Case 3:23-cr-00456-ADC-GLS   Document 33   Filed 08/13/24   Page 6 of 7

USA v. Colón-Cruz
Crim. No. 23-456 (ADC)
Report and Recommendation on Guilty Plea

a jury if the Court and the Government agree; that at trial she would be presumed innocent and the Government would have to prove her guilt beyond a reasonable doubt; that she would have the right to the assistance of counsel for her defense, and that, if she could not afford one, an attorney would be appointed to represent her through all stages of the proceedings; that at trial she would have the right to hear and cross examine all witnesses, the right to issue subpoenas or to compel the attendance of witnesses to testify at trial, and the right to testify or to remain silent. Defendant was further advised that if she decided not to testify or put on evidence at trial, the failure to do so could not be used against her, and that at trial the jury would have to return a unanimous verdict before she could be found guilty or not guilty.

Defendant specifically acknowledged understanding these rights. She reaffirmed her understanding that by entering a plea of guilty there would be no trial and she would be waiving or giving up the rights that the Court explained.

G. **Offense Charged and Factual Basis for the Guilty Plea**

Defendant was read in open court Count One of the Indictment and was provided an explanation of technical terms used in the Indictment. Defendant was also provided an explanation of the elements of the offense. Defendant expressed that she understood the charge in Count One and the elements of the offense, and what the Government would have to prove beyond a reasonable doubt if she were to go to trial.

The Government explained the factual basis for the offense and the evidence it would present if this case were to proceed to trial. Upon questioning, Defendant admitted to the facts, constituting all the elements of the offense charged. Defendant admitted that she was pleading guilty because she is in fact guilty. Defendant pled guilty as to Count One of the Indictment.

IV. **Conclusion**

Defendant appeared before me, by consent, pursuant to Rule 11 of the Federal Rules of Criminal Procedures and entered a plea of guilty as to Count One of the Indictment.

After cautioning and examining Defendant under oath and in open court concerning each of the subject matters in Rule 11, the Court finds that the defendant, **Karla Y. Colón Cruz,** is fully competent and capable of entering this guilty plea, is aware of the nature of the charge and the maximum statutory penalty it carries, understands that the charge is supported by evidence and a

Case 3:23-cr-00456-ADC-GLS   Document 33   Filed 08/13/24   Page 7 of 7

USA v. Colón-Cruz
Crim. No. 23-456 (ADC)
Report and Recommendation on Guilty Plea

basis in fact, has admitted to the facts and the elements of the offense, and has done so in an intelligent and voluntary manner with knowledge of the consequences of her guilty plea.

I recommend that the Court accept the guilty plea and that Defendant be adjudged guilty as to Count One of the Indictment.

**IT IS SO RECOMMENDED.**

This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72 (d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed within fourteen (14) days of its receipt. Failure to file timely and specific objections to the Report and Recommendation is a waiver of the right to review by the District Judge. United States v. Valencia-Copete, 792 F. 2d 4 (1st Cir. 1986).

**A sentencing hearing will be scheduled by the presiding judge, Hon. Aida M. Delgado-Colón.**

In San Juan, Puerto Rico, this 13th day of August 2024.

                                                         s/Giselle López-Soler
                                                         GISELLE LÓPEZ-SOLER
                                                         United States Magistrate Judge